UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL DIAZ,<br><br>     Petitioner<br><br> v.<br><br>WARDEN OF FCI-SCHUYLKILL,<br><br>     Respondent. | CIVIL ACTION NO. 3:25-CV-01306<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Ariel Diaz ("Diaz"), an inmate confined at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill"). (Doc. 1). Diaz asserts that the Bureau of Prisons ("BOP") has failed to properly award him prior jailtime credit and seeks the application of his projected time credits he has yet to earn under the First Step Act ("FSA"). (Doc. 1). Because Diaz failed to exhaust his administrative remedies, the Court will dismiss the petition.

 **I. Background and Procedural History**

On March 23, 2023, Diaz pled guilty to conspiracy to distribute and possess with intent to distribute 500 gram and more of cocaine hydrochloride and 100 grams and more of heroin. *United States v. Diaz*, No. 1:21-CR-00238-013-JPW, Doc. 565 (M.D. Pa. Mar. 23, 2023). He was sentenced to sixty (60) months with "the intention of the court that this sentence run consecutive to the state parole revocations on Philadelphia County Docket Nos. CR-0710211-2004 and CR-1003521-2005." *Diaz*, No. 1:21-CR-00238-013-JPW, Doc. 565. At the time of

filing the petition, he had an estimated release date of September 18, 2027, through Good Conduct Time and July 20, 2027, through FSA earned time credits.[1] (Doc. 1-2).

Diaz filed his petition and paid the filing fee on July 17, 2025. (Doc. 1; Doc. 4). In his § 2241 petition, Diaz contends that he his sentence has not been properly credited for the time he has already served and that the BOP has failed to apply both earned and projected FSA credits. (Doc. 1). Diaz admits that he did not exhaust his administrative remedies because he "raised the issue with staff, who conceded they could not offer a remedy," and he states that "[e]xhaustion is futile given the liberty interest at stake and recent binding federal policy changes." (Doc. 1, at 2).

The Court entered an order serving the petition on Respondent on July 18, 2025. (Doc. 5). Following an extension of time, Respondent filed a response on August 22, 2025. (Doc. 9.) Respondent argues that Diaz's § 2241 petition must be dismissed because: (1) he failed to exhaust his administrative remedies before filing the instant habeas petition; (2) the BOP's updated sentence calculation is proper; and (3) he is not legally entitled prelease custody placement under the Second Chance Act. (Doc. 9). The Court finds that he has failed to exhaust his administrative remedies and will dismiss the petition.

II. DISCUSSION

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing

---

[1] Respondent's briefing demonstrates that there was an error in calculating his release date, but it was not in Diaz's favor. (Doc. 9). His updated estimated release date is now November 26, 2027 through Good Conduct Time and July 29, 2027 through FSA time credits. (Doc. 9-8).

*Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the Warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See* 28 C.F.R. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *See* 28 C.F.R. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982). Furthermore, a district court can conclude that an administrative process is unavailable to a habeas petitioner if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643–44 (2016).

Diaz's Administrative Remedy Generalized Retrieval report reveals that he has not filed a since administrative remedy request while in BOP custody. (Doc. 9-5). Diaz's futility

argument, that he asked staff and was told there was nothing that could be done, fails. "Courts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" See *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); see also *Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3–4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), report and recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019).

Finally, Diaz's assertion that he is excused from exhaustion based on the recent binding federal policy changes and because a "liberty interest at stake" is not accurate. A recent policy change does not necessarily concern statutory construction. Furthermore, logic dictates that if BOP policy has recently changed, the most efficient means to redress his sentence concerns would be alerting the BOP to the potential sentencing errors through the administrative process. This case concerns factual assertions for which a record could and should have been developed prior to filing a habeas petition in this matter. *See, e.g.*, *Rosario v. Spaulding*, No. 21-1160, 2021 WL 3884343, at *3 (M.D. Pa. Aug. 31, 2021) (while exhaustion may be excused for cases solely raising statutory construction issues, this exception does not apply where a petitioner's request for relief also requires a factual determination as to completed programming and the amount of credits earned).

**III.   CONCLUSION**

      For the above stated reasons, the Court will dismiss the petition and close the case. An appropriate order follows.

**Dated: February 2, 2026**                                           *s/ Karoline Mehalchick*
                                                                       **KAROLINE MEHALCHICK**
                                                                       **United States District Judge**